THE ATTORNEY GENERAL
OF TEXAS



PRICE DANIEL
ATTORNEY GENERAL

March 20, 1952

Hon. Paul H. Brown
Fire Insurance Commissioner
Board of Insurance Commissioners
815 Brazos
Austin 1, Texas      Opinion No. V-1422.

                     Re:  Limitation upon reimburse-
                          ment for meal and lodging
                          expenditures by State Fire
                          Insurance Commissioner, or
                          by employee of the Fire In-
                          surance Division when in-
                          vestigating a fire at the
                          request of an interested
Dear Sir:                 party.

        You have requested the opinion of this of-
fice on the following questions:

        "1.  Is the State Fire Marshal, when
    he makes an investigation under Article
    5.45 /Insurance Code/ providing 'then the
    expenses of the State Fire Marshal, cleri-
    cal expenses, witnesses and officers fees
    incident and necessary to such investiga-
    tion shall be paid by such insurance com-
    pany' limited to the $6.00 per day ex-
    penses provided in the rider to the appro-
    priation bill set out in Section 2(12) -
    Traveling Expenses-g?

        "2.  Is /an employee of the Fire In-
    surance Division/ when so acting and so
    designated, to be paid his expenses as pro-
    vided in Article 5.45 or is he limited un-
    der the rider to the appropriation bill to
    $6.00 per day for meals and lodging?"

        An employee of the Fire Insurance Division
who was appointed by you under the authority contained
in Article 5.45, Insurance Code, to make an investiga-
tion, incurred meal and lodging expense in excess of

214

$6.00 per day. Your problem has arisen because of the refusal of the Comptroller to issue a warrant for a sum in excess of $6.00 per day.

Article 5.45, Insurance Code, provides:

"If for any reason the State Fire Marshal is unable to make any required investigation in person, he may designate the fire marshal of such city or town or some other suitable person to act for him; and such person so designated shall have the same authority as is herein given the State Fire Marshal with reference to the particular matter to be investigated by him, and shall receive such compensation for his services as the Board may allow. If the investigation of a fire is made at the request of an insurance company, or at the request of a policyholder sustaining loss, or at the request of the mayor, town clerk or chief of the fire department of any city, village or town in which the fire occurred, then the expenses of the Fire Marshal, clerical expenses, witnesses and officers fees incident and necessary to such investigation shall be paid by such insurance company, or such policy holder or such city or town as the case may be, otherwise the expenses of such investigation are to be paid as part of the expenses of the Board. The party or parties, company or companies, requesting such investigation, shall before such investigation is commenced deposit with the Board an amount of money in the judgment of said Board sufficient to defray the expenses of said Fire Marshal in conducting such investigation."[1]

This statute in effect requires an insurance company or other party requesting an investigation to pay to the Board, on behalf of the State, an assessment equal to the actual expenses incurred in the requested investigation. This assessment becomes state property upon the completion of the investigation and the approval of the expense account. Att'y Gen. Op. V-1336 (1951).

---

[1] Emphasis added throughout.

The above statute makes this money available only for the specified purpose of paying the expenses incurred in carrying out the investigation.

However, the fact that an assessment is made and collected and the fund is earmarked by general statute for a certain use does not make it available unless it is also appropriated by the Legislature for that use. Furthermore, even though a general statute specifies payment of a certain amount, the amount actually paid is determined by the amount appropriated by the Legislature. State v. Steele, 57 Tex. 200 (1882), and Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1899), Att'y Gen. Op. V-1267 (1951).

Therefore the basic question to be determined is whether the general appropriation bill for the biennium ending August 31, 1953, appropriates to Fire Insurance Division personnel acting as fire investigators their actual expenses when making an investigation at the request of an insurance company or other party.

Section 12(g) of Article III, House Bill 426 (the general appropriation bill), Acts 52nd Legislature, R.S. 1951, ch. 499, p. 1228, at p. 1437, provides:

"All employees traveling at the expense of the State are hereby limited to the amount of Four Dollars ($4) per day for meals and a total of Six Dollars ($6) per day for meals and lodging it being specifically provided that the employees shall obtain receipts for all items of expense claimed except meals, and shall file such receipts with their duly itemized and sworn expense accounts; provided, however, that the meals and lodging limitations imposed by this subsection (12g only) shall not apply to any elected State official nor to any appointed State official nor to any appointed State official whose appointment is subject to Senate confirmation, when traveling in or out of the State; nor to employees of the Executive Department, and employees of other State Departments designated by the Governor to represent him officially at governmental meetings or

conferences when held out of the State;
nor to any Assistant Attorney General,
or representative of the State Health
Officer, or representative of the Adju-
tant General, or representative of the
State Board of Vocational Education,
or representative of the Department of
Public Welfare, or representative of the
State Highway Commission or representa-
tive of the Railroad Commission when any
of these classes of State employees are
appearing before any Federal Agencies or
agencies of other States in any other
State or Washington, D.C."

The underlined portion of the above quoted
subsection answers your first question. The proviso
that section 12(g) shall not apply to appointed offi-
cials subject to confirmation by the Senate is appli-
cable to you as Fire Insurance Commissioner since
your office is of the excepted type and the investiga-
tion of fires is one of your duties.[2] You are there-
fore advised that the traveling expense of the State
Fire Insurance Commissioner is not limited by this
section, and that you should receive your actual ex-
penses, which are to be paid out of the fund herein-
after discussed when you are making an investigation
pursuant to Art. 5.45, supra.

The above exception is not applicable to em-
ployees of the Fire Insurance Division, and if this
were the only section regulating the expenditures for
meals and lodging the maximum reimbursement to employ-
ees would be $6.00 per day.

The appropriation to the Fire Insurance Di-
vision provides in part:

"Provided also that such sums as are
received by the Fire Division as provided

---

2/   Art. 1.02, Insurance Code, provides in part:
". . . The duties heretofore and now placed upon and
the powers and privileges heretofore and to be exer-
cised by the State Fire Marshall shall continue in and
be had, enjoyed, and exercised by the Fire Insurance
Commissioner."

> by Article 4898 R.C.S. /Art. 5.45, In-
> surance Code/ shall be deposited to the
> Departmental Suspense Account in the
> State Treasury. Expenses of State em-
> ployees incident to the investigations
> shall be paid from travel expenses here-
> inabove appropriated and such travel
> expense appropriation shall be reimbursed
> for the actual amounts expended under the
> provisions of Article 4898 R.C.S. /Arti-
> cle 5.45, Insurance Code/ by a transfer
> from the amount on deposit in the Depart-
> mental Suspense Account." H.B. 426,
> supra, at p. 1373.

We have previously held this provision to be a con-
tinuing appropriation during this biennium of the
expense money fees collected from parties requesting
fire investigations. Att'y Gen. Op. V-1336 (1951).
This provision appropriates a sum sufficient to pay
the actual expenses incurred by employee investiga-
tors under the provisions of Article 5.45, supra.
These expenses would obviously include the actual
cost of meals and lodging.

Thus, in the general appropriation bill,
there is a specific provision appropriating funds to
defray the actual expenses of a fire investigator,
and a general provision limiting meals and lodging
expenses of State employees to $6.00 per day. The
provisions are in conflict whenever actual expenses
are in excess of $6.00 per day. In case of conflict,
the specific provision controls over the general pro-
vision of the same act. Gulf Insurance Co. v. James,
143 Tex. 424, 185 S.W.2d 966 (1945); Att'y Gen. Op.
V-378 (1947). In compliance with this well estab-
lished rule you are advised that employees of the Fire
Insurance Division investigating fires at the instance
of insurance companies or other parties pursuant to
Article 5.45, supra, may properly be issued warrants
for their actual expenses.

Our holding is in accord with the results
reached in Attorney General's Opinions O-4289 (1942)
and O-7067 (1946). These opinions involved the ques-
tion of whether insurance examiners traveling out of
State to make examinations under the provisions of Ar-
ticle 1.16, Insurance Code (Art. 4690a, V.C.S.), were

218

limited to $4.00 per day for meals and lodging as provided in the general appropriation bills.  Both opinions held that the examiners were entitled to their actual expenses.  These opinions were based on the wording of the general statute, and the question of an appropriation of the funds for the expenses of the examiners was not discussed.  However, a search of the appropriation bills during the years involved reveals that the funds collected were appropriated for the actual expenses of the examiners incurred in making the examinations.

## SUMMARY

The State Fire Commissioner, being an appointed State official subject to Senate confirmation, is excepted from the provision of the general appropriation bill limiting meal and lodging expenses to $6.00 per day (Sec. 12(g), Art. III, H.B. 426, Acts 52nd Leg., R.S. 1951, ch. 499, p. 1228, at p. 1437).

The specific appropriation contained in H.B. 426, supra, at p. 1373, to cover the actual meal and lodging expenses of employees investigating fires at the request of a party pursuant to Article 5.45, Insurance Code, is controlling over the general limitation contained in the appropriation bill limiting State employees to $6.00 per day for meals and lodging.

Yours very truly

PRICE DANIEL
Attorney General

APPROVED:

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

By E. Wayne Thode
E. Wayne Thode
Assistant

EWT:wb